IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN FLOYD BOURN,

     Plaintiff,                     No. CIV S-10-3067 GEB EFB PS

vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

     Defendants.             ORDER

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Upon review of the complaint, the court finds that it must be dismissed with leave to amend. Plaintiff names as defendants the People of the State of California, Michael L. Ramsey, Linda Hunt, Jerry W. Smith, Sergeant Ament, Tom Dryden and Steven Bourn. Plaintiff alleges that defendants Smith, Dryden and Ament falsely arrested plaintiff for failing to register as a sex offender and accused plaintiff of committing rape on one or more occasions. Plaintiff alleges that the People of the State of California, along with defendants Ramsey and Hunt falsely

charged plaintiff with failing to register as a sex offender.  Plaintiff claims that these charges violated the Ex Post Facto Clause of the United States Constitution and that he received ineffective assistance of counsel at trial.  Plaintiff, whose name is Steven Floyd Bourn, claims he has been confused with a man who is also named Steven Bourn, and who plaintiff also names as a defendant.  Plaintiff claims that he is being charged for the crimes of defendant Steven Bourn and has been forced to register as a sex offender.  As relief, plaintiff requests damages, an order stating that he is not a sex offender and not required to register as one, that his criminal record be expunged, that all parole and probation requirements be stricken, that his superior court case be dismissed, and that the superior court be directed to investigate the other Steven Bourn so that plaintiff will no longer be charged with his crimes.

The complaint must be dismissed for failure to state a claim.  If plaintiff seeks to challenge the constitutionality of a conviction or the conditions of his parole or probation, he may not do so in this action unless he demonstrates that the conviction or sentence has been invalidated.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486.  Under *Heck*, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  *Id.*  In this regard, if plaintiff is claiming that the defendants violated his federal constitutional rights and as a result he was arrested and convicted, plaintiff may not recover damages in this action unless he can prove that his conviction has been reversed.  It appears unlikely that this is the case, as plaintiff requests that this court dismiss proceedings of the state superior court and direct it to conduct an investigation.  Plaintiff is hereby informed that federal courts lack jurisdiction to issue a writ of mandamus to a

state court. *See Demos v. United States Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991). In a mandamus action, the court can only issue orders against employees, officers or agencies of the United States. 28 U.S.C. § 1361.

Additionally, plaintiff appears to name county employees as defendants. Municipalities (and their departments) may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under Monell). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Wash. County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91.

Plaintiff also appears to have named one or more district attorneys as defendants. To the extent plaintiff seeks to pursue claims under § 1983 against prosecutorial defendants, plaintiff is hereby informed that "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Imbler*, 424 U.S. at 430-31; *Botello*, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case."). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v.*

1  *Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

2  Additionally, the court notes that plaintiff has named the People of the State of California
3  as a defendant. Plaintiff may not pursue claims against this defendant, as it is not a "person" for
4  purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also*
5  *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (state agency such as
6  San Quentin State Prison is not a person within meaning of Civil Rights Act).

7  Plaintiff also purports to allege violations of the Racketeer Influenced and Corrupt
8  Organizations Act ("RICO"), 18 U.S.C. § 1962. To state a civil claim for violation of RICO, a
9  plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering
10 activity (5) causing injury to plaintiff's business or property. *Chaset v. Fleer/Skybox Int'l*, 300
11 F.3d 1083, 1086 (9th Cir. 2002). The phrase "racketeering activity" is defined as including any
12 act which is indictable under a lengthy list of criminal offenses, including the federal statutes
13 prohibiting mail and wire fraud. Here, plaintiff's conclusory allegations do not state a claim
14 under RICO "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

15 Plaintiff is granted leave to file an amended complaint to cure the deficiencies identified
16 herein, if possible. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district
17 courts must afford pro se litigants an opportunity to amend to correct any deficiency in their
18 complaints). Should plaintiff choose to file an amended complaint, he shall identify all
19 defendants in both the caption and the body of the amended complaint, and clearly set forth the
20 allegations against each defendant. He shall also specify a basis for this court's subject matter
21 jurisdiction.

22 Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
23 make an amended complaint complete. Local Rule 220 requires that an amended complaint be
24 complete in itself. This is because, as a general rule, an amended complaint supersedes the
25 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
26 plaintiff files an amended complaint, the original no longer serves any function in the case.

1  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
2  alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
3  1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*
4  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: April 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6